UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:14-cr-00082-TRM/JEM |
| | ) | |
| AMBER BOSHEARS | ) | |

**MEMORANDUM AND ORDER OF DETENTION**

Defendant Amber Boshears appeared for a hearing on September 22, 2026, in accordance with Rules 5 and 32.1 of the Federal Rules of Criminal Procedure on the Petition and Order for Warrant for an Offender Under Supervision [Doc. 373] (the "Petition") in the above matter.

Defendant was placed under oath and informed of her constitutional rights. The Court determined that Defendant wished to be represented by an attorney and qualified for appointed counsel. The Court therefore appointed Attorney Christopher Meadows with Federal Defender Services of Eastern Tennessee to represent Defendant. The Court also determined that Defendant had been provided with and reviewed with counsel a copy of the Petition.

Attorney Scott Winne, on behalf of the Government, moved that Defendant be detained without bail pending her revocation hearing before U.S. District Judge McDonough. Defendant waived her right to a preliminary hearing and requested an immediate detention hearing (the "Hearing").

With regard to detention, as the Court explained on the record, Federal Rule of Criminal Procedure 32.1(a)(6) imposes upon Defendant "the burden of establishing by clear and convincing evidence that she will not flee or pose a danger to any other person or the community[.]" *See also* 18 U.S.C. § 3143(a)(1) (requiring detention unless judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released). After fully considering the proof presented at the Hearing, the Court respectfully finds that Defendant has failed to carry her burden. The Court ruled from the bench and now memorializes that ruling in the following findings and conclusions analyzed pursuant to 18 U.S.C. § 3142(g).

First, the Court considers the nature and circumstances of the offense charged. According to the Petition, Defendant has been admitted and discharged from four different halfway houses/sober living programs since her fifth term of supervised release began on June 17, 2026.[1] Importantly, Defendant left her most recent placement, Clear Meadows halfway house, without notifying Clear Meadows and without notifying probation about a change in residence.

More specifically, on June 17, 2026, Defendant was referred to Stable Recovery, a

[1] Defendant has had four prior revocation proceedings and one modification in the last six years.

residential substance abuse treatment program in Lexington, Kentucky. Defendant was discharged on July 7, 2026, due to noncompliance with program requirements (to include providing inaccurate/inconsistent information to staff, attempting to create discord among staff, and contacting her boyfriend without authorization). The Court then allowed Defendant an opportunity to complete a halfway house program. On July 16, 2026, Defendant was admitted to halfway house Together We Rise in Knoxville, Tennessee. Defendant was discharged two days later, on July 18, 2026, after testing positive for illegal substances and lying. The Court again allowed Defendant an opportunity to correct her non-compliance through another halfway house program. On July 20, 2026, Defendant entered into halfway house Empower House Recovery in Knoxville, Tennessee. On August 26, 2026, Defendant reported to probation that she was moving to another halfway house, Clear Meadows, because it was closer to the probation office. However, probation was later notified by Empower House Recovery that Defendant had actually been discharged on August 28, 2026, for theft of another resident's property. On August 30, 2026, Defendant was accepted as a participant at Clear Meadows halfway house in Knoxville, Tennessee. On September 9, 2026, Defendant left Clear Meadows without notifying the program or the probation officer. The nature and circumstances of the offense indicate that Defendant has repeatedly been unable to comply with conditions of release.

Second, the Court notes that the weight of the evidence at this early stage of the proceedings reflects that Defendant is both a potential flight risk and a danger. It is undisputed that Defendant recently failed to report her whereabouts to probation after leaving her most recent halfway house. At the Hearing, defense counsel proffered that Defendant had demonstrated recent compliance by reporting to her probation officer as required on September 21, 2026 (a day before the Hearing). But this was after the repeated noncompliance summarized above. Furthermore, Defendant has been less than forthcoming with probation about her noncompliance, most recently failing to report that she had abruptly left Clear Meadows treatment facility without notifying the facility itself. And, just prior, Defendant provided untruthful information as to why she was leaving Empower Recovery House. This recent obfuscation and failure to promptly notify probation as to her whereabouts demonstrate that Defendant is a flight risk and serves to undercut the Court's ability to trust that Defendant would comply with any further conditions the Court could impose.

Third, the Court notes that Defendant's history and characteristics raise several concerns. Defense counsel proffered that Defendant had ties to the Knoxville area but presented no witnesses in support of that position. Defense counsel noted that Defendant's mother, Starla Boshears, had offered to send a return bus ticket to Knoxville for Defendant. However, those ties existed before the present violations took place and carry minimal weight absent further testimony or evidence. Defense counsel also noted that Defendant is suffering from undisclosed mental health conditions and is off of her medications, which, combined with her documented history of non-compliance, causes substantial concern.

Finally, the Court considers the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release. Defense counsel also proffered that, upon her return to Knoxville, Defendant could reside at a homeless shelter named KARM, located at 418 N. Broadway in Knoxville, Tennessee, near the courthouse where Defendant could easily report to her probation officer. However, Defendant's proposed shelter, KARM, is not a controlled environment. Given Defendant's history of noncompliance and recently reported purported mental

health concerns, she could pose a danger to herself and others if housed there.

Based on the facts made available during the Hearing, the Court respectfully concludes that Defendant has failed to carry her burden of proving by clear and convincing evidence that (1) she will appear in Court; and (2) she does not present a danger to any person and the community. First and foremost, Defendant has undisputably and repeatedly failed to comply with the conditions imposed by the District Judge in the Agreed Order of Revocation [Doc. 372]. To her credit, Defendant did report to her probation officer on September 21, 2026. However, that report is one instance of compliance among many concerning failures.

Ultimately, based upon the Petition and waiver of preliminary hearing, the Court finds there is probable cause to believe Defendant has committed violations of her conditions of supervised release as alleged in the Petition.

Accordingly, the Court **ORDERS** that:

(1) Counsel for Defendant and the Government shall confer and make best efforts to submit to U.S. District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petition.

(2) In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, they shall request a hearing before U.S. District Judge McDonough.

(3) The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further order from this Court is **GRANTED**.

SO ORDERED.

ENTER:

s/

MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE